IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH REIGNER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs | ) | Civil Action No. 10-1169 |
| | ) | |
| BALANCE RECOVERY, INC., et al., | ) | |
|     Defendants. | ) | |

REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that, unless Plaintiff makes service of the complaint upon the named Defendants and files proof of such service with the Clerk's Office by March 8, 2011, the above-captioned case be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

II.    Report

On September 2, 2010, Plaintiff Kenneth Reigner, by his counsel, filed a motion for leave to proceed in forma pauperis. The motion was granted and the complaint was filed on September 7, 2010. The complaint alleges that the Defendants, Balance Recovery, Inc., Kurt S. Feedman, John Does 1-10 and X, Y, Z Corporations, violated his rights under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (FDCPA), by sending him a collection letter without informing him that the letter was from a debt collector or that the purpose of the letter was to collect a debt; by sending the letter directly to him after they had been notified that he was represented by an attorney; by initiating a lawsuit against him without a contractual basis to do

so; and by withdrawing the lawsuit only after Plaintiff's attorney assessed fees and Plaintiff suffered substantial hardship and distress.

After that entry, the docket sheet reflects several entries called "Praecipe to Issue Summons," and summons was issued on November 12, 2010, but to date there is no indication that service has been made on the Defendants. On January 5, 2011, 120 days elapsed since the filing of the complaint.

On January 24, 2011, the Court entered an Order to Show Cause why the case should not be dismissed for failure to make service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, returnable February 7, 2011. On February 8, 2011, Plaintiff filed an Answer to Rule to Show Cause which, in its entirety, states as follows:

> Plaintiff admits to having not served Defendant(s) in the above captioned Matter, Plaintiff's counsel had had intended to personally serve Defendant(s), and had planned several times to make a trip to serve Defendant(s), but scheduling problems arose each time. Plaintiff's counsel did not complete the service. Plaintiff requests leave to file for an alias summons, and to serve the Defendant(s) with the summons and complaint.

(Docket No. 7.)

In relevant part, Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period....

Plaintiff has failed to make timely service upon the Defendants and more than 120 days have passed since the filing of the complaint. Plaintiff's response to the Order to Show Cause

2

does not show good cause for the failure. Nevertheless, the Court should allow Plaintiff one last opportunity to make service.

Therefore, it is recommended that, unless Plaintiff makes service of the complaint upon the named Defendants and files proof of such service with the Clerk's Office by March 8, 2011, the above-captioned case be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

Within the time specified in the Notice of Electronic Filing, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

Dated: February 8, 2011